UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **EDDIE DEAN MONTGOMERY** | * | **CIVIL ACTION NO. 14-3120** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **CAROLYN W. COLVIN, ACTING COMMISSIONER, SOCIAL SECURITY ADMINISTRATION** | * | **MAG. JUDGE KAREN L. HAYES** |

### SUPERSEDING REPORT AND RECOMMENDATION[1]

Before the undersigned Magistrate Judge, on reference from the District Court, is a Petition for Attorney Fees [doc. # 22] filed by plaintiff Eddie Dean Montgomery pursuant to the Equal Access to Justice Act ("EAJA") 28 U.S.C. § 2412. The Commissioner does not contest the fee request in principle, but opposes the motion insofar as it: 1) seeks fees computed at a rate in excess of $150 per hour; 2) fails to distinguish between costs and expenses; and 3) designates

---

[1] The instant report and recommendation supersedes and replaces the report and recommendation issued on June 6, 2016. [doc. # 28]. At best, a report and recommendation has no greater (and in all likelihood less) force than an interlocutory order. *See e.g., Leon v. Washington Mut. Bank, F.A.*, 164 F. Supp. 2d 1034, 1039 n4 (N.D. Ill. Oct. 2, 2001) (an as yet unadopted report and recommendation enjoys no precedential authority). An interlocutory order is subject to revision at any time before final judgment. *See Golman v. Tesoro Drilling Corp.*, 700 F.2d 249, 253 (5th Cir. 1983) (citation omitted). Moreover, a trial court may reconsider or reverse an interlocutory order "for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990) (citations omitted), abrogated on other grounds by *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n14 (5th Cir.1994) (en banc).

  Here, the undersigned recently attended a conference where judges from adjacent, not-heavily-urbanized districts disclosed that they awarded EAJA fees at an hourly rate greater than $150.00. *See* discussion, *infra*.

plaintiff's counsel as payee for the fee award, instead of plaintiff. (Def. Response [doc. # 24]). As further explained below, it is recommended that the motion be GRANTED IN PART, and that the Commissioner be ordered to pay attorney's fees in the amount of $7,262.50 (41.5 hours at $175.00 per hour) plus expenses of $20.07 and $15.60 in costs.

**I.     EAJA**

The EAJA provides that a court shall award attorney's fees and costs to a prevailing party in a civil action brought against the United States unless the court finds that the position of the government was substantially justified or that special circumstances make an award unjust.  28 U.S.C. § 2412(d)(1)(A).  A party who obtains a remand of a social security appeal pursuant to the fourth sentence of § 405(g) qualifies as a prevailing party for purposes of fees under the EAJA. *Breaux v. U.S.D.H.H.S.*, 20 F.3d 1324 (5th Cir. 1994).[2]  The Commissioner does not contest that plaintiff is entitled to recover fees, and therefore does not contest that plaintiff is the prevailing party.

**II.    Hourly Rate**

The EAJA provides in relevant part that the amount of fees awarded:

> shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . **attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee**.

28 U.S.C. § 2412(d)(2)(A)(ii) (emphasis added).  The EAJA "vests the district courts with discretion to arrive at a reasonable rate for attorneys' fees based on cost-of-living adjustments and other factors." *Yoes v. Barnhart*, 467 F.3d 426, 426 (5th Cir. 2006) (citation omitted).  When a

---

[2]  On February 3, 2016, the District Court entered judgment reversing and remanding this case to the Commissioner for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g). (Judgment [doc. # 21]).

given locale has experienced a significant change in the cost of living, the court should increase the hourly rate beyond the nominal statutory cap. *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988). The rate need not precisely track the cost of living increase for the geographical area, but instead should be calculated "only to the extent necessary to ensure an adequate source of representation." *Id*.

In *Williams v. Astrue*, this court weighed cost of living increases since 1994 against prevailing market conditions and the healthy community of social security practitioners in this area, before settling upon an EAJA hourly rate of $150 for attorney work performed in 2008 and beyond. *See Williams v. Astrue*, 2009 WL 703288 (W. D. La. Feb. 26, 2009) (Report and Recommendation); 2009 WL 703285 (W.D. La. Mar. 17, 2009) (Order denying reconsideration); 2009 WL 824527 (W.D. La. Mar. 23, 2009) (Judgment).

Citing a decision from the Eastern District of Louisiana, *see Cavin v. Astrue*, Civ. Action No. 12-1144, 2014 WL 28864 (E.D. La. Jan. 2, 2014), together with evidence of customary billing rates in this area and beyond, plaintiff argues that since the time of the court's ruling in *Williams*, the rise in the cost of living warrants an increase in the hourly rate to $175. The Commissioner disagrees, and instead urges the court to follow a December 2015 decision from the Middle District of Louisiana that, consistent with this court's practice, awarded EAJA fees at an hourly rate of $150.00. *See Crain v. Colvin*, Civ. Action No. 14-0012, 2015 WL 7761326, at *1 (M.D. La. Dec. 2, 2015).

According to the undersigned's calculations, which largely coincide with plaintiff's, the cost of living has increased roughly 51-52 percent between March 1996 when the $125 cap was

implemented, and the latter part of 2014 when services first were rendered in this case.[3] In addition, between 2008 – the period analyzed in *Williams, supra* – and 2014, the cost of living has increased roughly ten percent.[4] Of course, a ten percent increase from the court's established rate of $150.00 would result in a new rate of $165.00. Here, however, plaintiff seeks an hourly rate of $175.00, which represents a 17 percent increase from the court's prior rate of $150.00. Nonetheless, the requested rate is still below the $125 cap, when adjusted for inflation. Moreover, a number of adjacent districts have awarded EAJA fees at, or above the requested rate.[5]

---

[3] In *Zamora v. Astrue*, the court calculated the cost of living adjustment by comparing the Consumer Price Index ("CPI") for March 1996, the year in which the $125 EAJA rate became effective, with the CPI for the period when the services were rendered. *Zamora v. Astrue*, 2009 WL 311312 *6, n1 (S. D. Tex. Feb. 9, 2009). To discern the percentage CPI increase, the court subtracted the March 1996 CPI for All Urban Consumers (155.7) from the then current CPI and divided the difference by the March 1996 CPI for All Urban Consumers (155.7). *Id*.

The undersigned further observes that the March 1996 CPI for all Urban Consumers in the South was 152.4; the annual 2014 CPI for All Urban Consumers was 236.736, and the annual 2014 CPI for all Urban Consumers in the South was 230.552. *See* http://data.bls.gov/cgi-bin/surveymost?cu.

Depending on whether the national or southern CPI's are used, the CPI has increased by 52 percent (236.736-155.7/155.7) or 51.3 percent (230.552-152.4/152.4) since March 1996. This CPI change would increase the $125 cap to between $190.06 and $189.10 in 2014.

However, most of the work performed by counsel in this case occurred in 2015. The annual 2015 CPI for all Urban Consumers was 237.017; the annual 2015 CPI for all Urban Consumers in the South was 230.147. This results in CPI increases of 52.2 percent (237.017-155.7/155.7) and 51 percent (230.147-152.4/152.4) since March 1996. This CPI change if added to the $125 cap produces figures of $190.28 and $188.76 in 2015.

[4] The annual 2008 CPI for all Urban Consumers was 215.303. The annual 2014 CPI for all Urban Consumers was 236.736. This produces a CPI increase of ten percent (236.736-215.303/215.303).

[5] *See Johns v. Colvin*, Civ. Action No. 13-4420, 2016 WL 1366267 (N.D. Tex. Apr. 6, 2016) (hourly rate of $186.72 for work performed in 2014); *Valdivia v Colvin*, Civ. Action No. 14-0767, 2016 WL 1077726 (E.D. Tex. Mar. 18, 2016) (rate of $185.41 per hour for work in 2014); *Bolton v. Colvin*, 15-04117, 2016 WL 4187027 (W.D. Ark. Aug. 8, 2016) (hourly rate of $183.00); *Jones v. Colvin*, Civ. Action No. 15-1005, 2016 WL 3920398 (W.D. Ark. July 18,

Upon due consideration of prevailing market conditions, including the increase in the cost of living, as measured against the healthy community of regional and national social security practitioners willing to accept cases in this area, the court will implement an hourly rate of $175.00 per hour for this, and future EAJA petitions for services performed in 2014 and going forward.

### III. Hours Reasonably Expended

As the fee applicant, plaintiff bears the burden of demonstrating the reasonableness of the number of hours expended on the claim. *Von Clark v. Butler*, 916 F.2d 255, 259 (5th Cir.1990). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Leroy v. City of Houston*, 831 F.2d 576, 586 (5th Cir. 1987) (quoting *Hensley, supra*). Furthermore, the district court "should exclude from this initial fee calculation hours that were not 'reasonably expended.'" *Id*.

Plaintiff's attorneys assert that they expended a total of 41.5 hours on this case (including the EAJA reply brief). The Commissioner does not so object. Furthermore, the undersigned has reviewed the statement of charges submitted by plaintiff's counsel, and has determined that they are reasonable in the amount of time spent on the services performed.

### IV. Expenses and Costs

Taxation of costs under 28 U.S.C. § 1920 is authorized under EAJA, 28 U.S.C. § 2412(a). Costs include the filing fee and fees for printing and copies. 28 U.S.C. § 1920(a)(1). Litigation expenses also are compensable under the EAJA provided they are reasonable and

---

2016) (hourly rate of $175.00 authorized by the EAJA); *Smith v. Comm'r of Soc. Sec. Admin.*, Civ. Action No. 14-0195, 2016 WL 3645192 (N.D. Miss. June 30, 2016) (approved hourly rate of $189.10 for work in 2014).

necessary. *Jean v. Nelson,* 863 F.2d 759, 778 (11th Cir. 1988).

Here, plaintiff seeks to recover $15.60 in copying costs and $20.07 in postage expenses. The Commissioner did not interpose an objection to the sums claimed, but only asked that, for source of payment purposes, that the copying charges be segregated as "costs," and the postage charges as "expenses." The court will so oblige, and otherwise finds that the requested costs and expenses are reasonable and necessary.

## V.     Check Payable to Plaintiff

Plaintiff's counsel contends that because plaintiff assigned his right to attorney's fees to counsel, any payment of fees should be made directly to counsel – provided plaintiff does not owe a federal debt. However, the court previously considered and rejected this argument. *See McLeland v. Astrue*, Civ. Action No. 09-0219 (W.D. La. 2010) [doc. #s 44-5] (James, J.). The same result is compelled here. Accordingly,

IT IS RECOMMENDED that the Petition for Attorney Fees [doc. # 22] be GRANTED IN PART, and that the Commissioner be ordered to remit to plaintiff's counsel a check made payable to plaintiff Eddie Dean Montgomery for attorney fees in the amount of $7,262.50 (41.5 hours at $175.00 per hour), plus costs of $15.60 and expenses of $20.07.

IT IS FURTHER RECOMMENDED that the motion [doc. # 22] otherwise be DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 16th day of August 2016.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE